UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELLY LANSING,

        Plaintiff,

   v.

FEAST AT LELE, ALE'ALE'A LLC
and SAM'S NOT HERE, INC.

        Defendant.

_____/

NO. CIV. S-08-2287 LKK/DAD

O R D E R

Defendants, various entities organized and doing business in Hawaii, move to dismiss plaintiff's complaint for lack of personal jurisdiction or improper venue. While plaintiff opposes defendants' venue and personal jurisdiction arguments, she primarily requests that this court transfer the case to the District of Hawaii, where it could have properly been filed. Although this negligence suit was timely when filed, the applicable Hawaii statute of limitations has since lapsed, so dismissal of this suit (rather than transfer) would preclude plaintiff from further seeking relief. For the reasons stated below, plaintiff's

request for transfer is granted.

## I. BACKGROUND

The events underlying this claim occurred at a restaurant in Hawaii on September 29, 2006. Plaintiff was eating there when a waiter lost control of a tray of glasses, causing glasses to fall onto a narrow walkway where Plaintiff was standing. The falling glass shattered, causing sharp pieces of glass to impact and lacerate plaintiff's foot and achilles tendon. Plaintiff alleges that her injuries were the result of negligence attributable to defendants.

Plaintiff is a California resident. She received the majority of her medical care pertaining to the above injury in this district. Her complaint names three defendants. The first, Feast at Lele, is the trade name for the restaurant where the incident occurred. The restaurant does not have any separate legal identity. The second, Ale' Ale'a, LLC, is a partnership organized under Hawaii law, whose only place of business is in Hawaii. Ale' Ale'a is also the registered owner of the Feast at Lele trade name. The third defendant, Sam's Not Here, Inc., is a corporation organized under Hawaii Law, whose only place of business is in Hawaii. Sam's Not Here is one of the partners in Ale Ale'a.

Plaintiff's complaint makes no further allegations of any contact between defendants and California. Defendants have submitted a sworn declaration stating that no defendant has advertised in California, had its operations controlled by persons in California, conducted business in California, deposited money

in California, or otherwise had contact with this forum. While plaintiff's memorandum in opposition to the present motion suggests that defendants might advertise in California or conduct transactions in the state, there are no specific allegations to this effect.

According to defendants, plaintiff's counsel notified defendants of plaintiff's claim as early as ten days after the incident, on October 6, 2006. An attorney from plaintiff's counsel's office visited and photographed the restaurant on October 21, 2006. Over a year later, defendant's insurance carrier reminded plaintiff that Hawaii imposed a two year statute of limitations, such that suit must be filed by September 29, 2008.

Plaintiff filed suit in this district on September 26, 2008. Defendants state that they were not served until around January 22, 2009, and as of yet, no proof of service has been filed.

## II. STANDARDS

**A. Standard for a Motion to Dismiss for Lack of Personal Jurisdiction**

When a defendant challenges the sufficiency of personal jurisdiction, the plaintiff bears the burden of establishing that the exercise of jurisdiction is proper. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). However, "[w]hen a district court acts on a motion to dismiss without holding an evidentiary hearing," this burden is light: "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion." Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001).

Substantively, when subject matter jurisdiction rests on the diversity of the parties, personal jurisdiction must comport with the jurisdiction statute of the state in which the district court sits and with the Due Process Clause of the United States Constitution. Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1194 (9th Cir. 1988), Aanestad v. Beech Aircraft Corp., 521 F.2d 1298, 1300 (9th Cir. 1974). In California, there is no separate inquiry into whether the first requirement is satisfied, because California's long arm statute authorizes the exercise of personal jurisdiction to the extent consistent with the United States Constitution. Cal. Code Civ. P. § 410.10.

The exercise of personal jurisdiction over a defendant is consistent with the due process clause when the defendant has certain minimum contacts with the forum state such defendant could reasonably expect "being haled into court there." World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980). "[W]hen in personam jurisdiction is asserted over a non-resident corporate defendant," due process is satisfied if the defendant "has certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 326 (1945)).

In applying the minimum contacts test for in personam personal jurisdiction, a court may obtain either general or specific jurisdiction. General personal jurisdiction arises when the

defendant's activities in the forum state are so "substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes." Yahoo! Inc. v. La Ligue Contre Le Racisme, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc).

If a non-resident defendant's contacts with California are not sufficiently continuous or systematic to give rise to general personal jurisdiction, the defendant may still be subject to specific personal jurisdiction on claims arising out of defendant's contacts with the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477-78 (1985); Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir. 1986). The court employs a three-part test to determine whether the exercise of specific jurisdiction comports with constitutional principles of due process. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004), Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000), Gray & Co. v. Firstenberg Machinery Co., 913 F.2d 758 (9th Cir. 1990). First, the defendant must "purposefully avail" itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. Second, the claim must arise out of the defendant's forum-related activities, and third, the exercise of jurisdiction must be reasonable. Fred Martin Motor Co., 374 F.3d at 802.

In determining whether the claim arises out of the defendant's forum-related activities, the Ninth Circuit applies a "but for" test: if plaintiff's injury would not have occurred but for

defendant's forum-related activities, the claim arises out of those activities. Mattel, Inc. v. Greiner & Hausser GmbH, 354 F.3d 857, 864 (9th Cir. 2003), Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995).

If the first two steps are satisfied, the burden is on the defendant to show that exercise of jurisdiction does not comport with "fair play and substantial justice," and is therefore unreasonable. Burger King, 471 U.S. at 476. To determine whether the exercise of specific personal jurisdiction over a defendant would be "reasonable", the court examines seven factors: 1) the extent of defendant's purposeful interjection into the forum;[1] 2) the burden of defending the suit in the forum; 3) the extent of conflict with the sovereignty of the defendant's state; 4) the forum state's interest in the dispute; 5) the most efficient forum for judicial resolution of the dispute; 6) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum. Gray & Co., 913 F.2d at 761.

**B. Standard for Motion to Dismiss for Lack of Venue**

Fed. R. Civ. P. 12(b)(3) is the procedural rule pertaining to a motion to dismiss for improper venue. In the context of a Rule 12(b)(3) motion, the pleadings are not automatically accepted as

---

[1] The Ninth Circuit gives this factor no weight once it is established that the defendant purposefully availed itself of the privilege of conducting business of the state, thereby invoking the benefits and protections of its laws. Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1199 (9th Cir. 1988).

6

true, and the court may consider facts outside the pleadings. <u>R.A. Argueta et al v. Banco Mexicano et al</u>, 87 F.3d 320, 324 (9th Cir. 1996) (citing <u>Carnival Cruise Lines v. Shute,</u> 499 U.S. 585 (1991)). When the facts are disputed, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party. <u>Murphy v. Schneider Nat'l, Inc.</u>, 362 F.3d 1133, 1138 (9th Cir. 2004) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (Supp. 2003)) (considering a Rule 12(b)(3) motion based on a forum selection clause).

This standard "comports with the approach" to interpreting the facts in Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction. Therefore, the same interpretation of the facts can apply defendants motions under both 12(b)(2) and 12(b)(3). Having established the standard for interpreting the facts here, the substantive requirements for a Rule 12(b)(3) motion are discussed below.

### III. ANALYSIS

**A.  Personal Jurisdiction is Lacking**

The allegations in the complaint do not support either specific or general personal jurisdiction over any defendant. In order to establish minimum contacts with California (necessary for specific personal jursidction), the plaintiff must show that

> the non-resident defendant [] purposefully direct[ed] his activities or consummate[d] some transaction with the forum or resident thereof; or perform[ed] some act by which he purposefully avail[ed] himself of the

7

> privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws

Fred Martin Motor Co., 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)). Here, there is no evidence that any defendant has purposefully directed activities toward California. The mere foreseeability of an effect on a California resident does not give rise to minimum contacts. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Because no defendant has recognizable contacts with California, this court lacks personal jurisdiction over all defendants.

**B. Venue Is Improper Here**

Venue is similarly improper here. Because subject matter jurisdiction in this suit rests entirely on diversity, venue is governed by 28 U.S.C. § 1931(a). This statute provides that venue is proper

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Id. Here, all defendants reside in Hawaii, and the events or omissions giving rise to the claim occurred entirely in Hawaii. Therefore, venue is not proper in California under either subsection (a)(1) or (a)(2). Because this district does not have

personal jurisdiction over any of the defendants, and because venue is proper in the District of Hawaii under subsections (a)(1) and (a)(2), venue is also not proper here under (a)(3).

**C.    Transfer, Rather Than Dismissal, Is The Appropriate Response**

28 U.S.C. section 1406(a) provides that "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In interpreting this provision, the Supreme Court has explained that "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962). Similarly, 28 U.S.C. § 1631, enacted in 1982, provides that when a court lacks jurisdiction over a civil action, that action shall be transferred to a proper court if the interest of justice so requires. Thus, this court has the power to either dismiss or transfer this case.

Other circuits have interpreted Goldlawr and "the interest of justice" under sections 1406(a) and 1631 somewhat narrowly. Goldlawr held that "If by reason of the uncertainties of proper venue a mistake is made, . . . 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities.'" Id. at 467

(citing Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514, 517 (4th Cir. 1955)). Defendants here argue that transfer is proper only when "uncertainties of proper venue" gave rise to a reasonable mistake as to whether venue or personal jurisdiction were proper in this district. Other circuits have upheld refusal to transfer when venue was clearly improper. The Fourth Circuit has held that

> a district court acts within its discretion when it finds that the interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system, simply to transfer his/her action to the proper court, with no cost to him/herself or his/her attorney.

Nichols v. G. D. Searle & Co., 991 F.2d 1195, 1201 (4th Cir. 1993). See also Spar, Inc. v. Information Resources, Inc., 956 F.2d 392, 394 (2d Cir. 1992) (refusing to allow transfer which would "reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice"), Hapaniewksi v. Chicago Heights, 883 F.2d 576, 580 (7th Cir. 1989). In this case, the defects in jurisdiction and venue are far more obvious than mere "technicalities," and the court cannot conclude that plaintiff filed here *despite* the exercise of diligence.

The Ninth Circuit, however, has generally adopted a permissive approach to transfer. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" Baeta v. Sonchik, 273 F.3d 1261, 1264-65 (9th Cir. 2001) (quoting

Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (quoting Goldlawr, Inc., 369 U.S. at 467)) (applying 28 U.S.C. § 1631).[2] In addition to this general preference for transfer, the Ninth Circuit has held that transfer is appropriate where dismissal would prevent review of plaintiff's claims. In a case where, "were [the court] not to hear [plaintiff's case], he would be time-barred from seeking review. . . . That, too, would be sufficient, in itself[,]" to demonstrate that the interests of justice supported transfer. Rodriquez-Roman v. INS, 98 F.3d 416, 424 (9th Cir. 1996) (internal citation omitted)); see also Baeta, 273 F.3d at 1264 (citing Rodriquez-Roman, 98 F.3d at 423-24) ("a petition that would be time-barred without a transfer satisfies the interest of justice test.").

In this case, plaintiff's claim was timely when filed, but the statute of limitations has since lapsed. As such, dismissal would prevent evaluation of plaintiff's claims. The court doubts that plaintiff could have seriously believed that the Eastern District of California was the appropriate forum for this claim. However, defendants have provided no Ninth Circuit authority relying on plaintiff's diligence in evaluating the interest of justice. On the contrary, Rodriquez-Roman provides a clear statement that transfer should be granted when the alternative is denial of review.

---

[2] Baeta, by quoting Goldlawr in construing § 1631, implicitly acknowledged that the phrase "interests of justice" has the same meaning under sections 1404(a) and 1631.

11

Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. Wash. 1986), cited by defendants, is not to the contrary. Costlow upheld dismissal for lack of venue, stating that district court did not abuse discretion in concluding that interests of justice did not require transfer. However, that case apparently did not involve the statute of limitations issue present here. Costlow merely reaffirms that transfer is appropriate only when it furthers the interests of justice, but the case provides no insight as to what the interests of justice actually require.

### IV. CONCLUSION

For the reasons stated above, defendants motion to dismiss is DENIED. This case is transferred to the District of Hawaii.

IT IS SO ORDERED.

DATED: March 25, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT